UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM G. CARTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV990 HEA |
| | ) | |
| TERA DEKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on Plaintiff's Second Motion for Appointment of Counsel, [Doc. No. 15]. As the Court previously noted that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). When an indigent party has pleaded a nonfrivolous cause of action, a court "*may*" appoint counsel. *See* 28 U.S.C. § 1915(e) (emphasis added). *Id.* The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986,

989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff has not presented any new developments in this matter which would convince the Court to reconsider its previous decision that counsel in this matter is not warranted. The Complaint sets forth the facts upon which Plaintiff's claims are based and Plaintiff has set forth the legal grounds upon which the claims rest. This case does not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Plaintiff to present the claims, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 15] is DENIED without prejudice.

Dated this 27th day of December, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE